# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                              No. CR 19-3113 JB

SERGIO VALDEZ,

       Defendant.

## **MEMORADUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States' Response to Sentencing Memorandum and Request for a Downward Departure of Variance Submitted on Behalf of Defendant Sergio Valdez, filed January 18, 2022 (Doc. 628).  The Court held a sentencing hearing on February 2, 2022.  See Amended Notice of Hearing, filed January 19, 2022 (Doc. 632).  The primary issue is whether the Court should decline to apply a 2-level reduction for Valdez' acceptance of responsibility, because Valdez has committed new crimes since his guilty plea.  The Court concludes that it will apply the 2-level reduction, because the fact that Valdez truthfully admitted the conduct comprising his crime in a timely manner and engaged in post-offense rehabilitation efforts outweigh the fact that Valdez has committed new crimes.

U.S.S.G. § 3E1.1 Application Note 1 provides a non-exhaustive list of factors that the Court should consider to determine whether a defendant qualifies for a reduction for acceptance of responsibility:

    (A)    truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct . . . ;

    (B)    voluntary termination or withdrawal from criminal conduct;

(C)     voluntary payment of restitution prior to adjudication of guilt;

(D)     voluntary surrender to authorities promptly after commission of the offense;

(E)     voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;

(F)     voluntary resignation from the office or position held during the commission of the offense;

(G)     post-offense rehabilitative efforts (e.g., counseling or drug treatment); and

(H)     the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

U.S.S.G. § 3E1.1, Application Note 1.  A defendant's entry of a guilty plea and truthful admission of the relevant conduct underlying the conviction constitutes "significant evidence of acceptance of responsibility," but it may be outweighed by conduct of the defendant that "is inconsistent with such acceptance of responsibility."  U.S.S.G. § 3E1.1, Application Note 3.

Here, Valdez satisfies U.S.S.G. § 3E1.1, Application Note 1 factors (A), (G), and (H). Valdez admits the conduct comprising the underlying offense, he has participated successfully in intensive outpatient treatment for co-occurring disorders and a substance abuse treatment program, and he accepted responsibility in a timely manner.  On the other hand, Valdez has not demonstrated a "voluntary termination or withdrawal from criminal conduct," as his new charges for illegally possessing and discharging a firearm evidence.  The Court agrees with the United States that a sentencing court may consider criminal conduct unrelated to the offense of conviction in determining whether a defendant qualifies for an adjustment for acceptance of responsibility.  See United States v. Finnesy, 953 F.3d 675, 702 (10th Cir. 2020).  The Court also notes that Valdez is charged with serious crimes: possessing a firearm and discharging the firearm at his wife.  Valdez' guilty plea and timely admission to the relevant conduct underlying the offense is, however,

"significant evidence of acceptance of responsibility." U.S.S.G. § 3E1.1, Application Note 3. The Court does not believe that the new criminal activity in which Valdez is alleged to have engaged "is inconsistent with such acceptance of responsibility" for the crime charged here. U.S.S.G. § 3E1.1, Application Note 3. Consequently, the Court concludes that the factors in U.S.S.G. § 3E1.1, Application Note 1, weigh in favor of applying the 2-level sentence reduction for acceptance of responsibility.

**IT IS ORDERED** that the Objection in the United States' Response to Sentencing Memorandum and Request for a Downward Departure of Variance Submitted on Behalf of Defendant Sergio Valdez, filed January 18, 2022 (Doc. 628), is overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Fred J. Federici
    Acting United States Attorney
Elaine Y. Ramirez
Robert I. Goldaris
    Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Phillip G. Sapien
Sapien Law, LLC
Albuquerque, New Mexico

*Attorneys for the Defendant*