UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO

## SENTENCING MINUTE SHEET ON VIOLATION OF SUPERVISED RELEASE

| CR No.: | 19-3113 JB | | USA vs. | PADILLA, et al. |
|---|---|---|---|---|
| Date: | April 9, 2026 | | Name of Deft: | Sergio Valdez |
| Before the Honorable | | | James O. Browning | |

| Time In/Out: | 9:57 A.M. / 10:33 A.M. | Total Time in Court: | 0:36 | |
|---|---|---|---|---|
| Clerk: | C. Padilla | Court Reporter: | Jennifer Bean | |
| AUSA: | Elaine Ramirez | Defendant's Counsel: | Ryan Baughman, Appointed | |
| Sentencing in: | ABQ | Interpreter: | N/A | |
| Probation Officer: | Charlotte Cde Baca | Sworn? | Yes | No |
| Convicted on: | X Plea / Verdict | As to: | MC, SPC, SC, SC | |
| Date of Plea/Verdict: | April 9, 2026 | | | |

| SENTENCE IMPOSED | Imprisonment (BOP): 6 months. | | |
|---|---|---|---|
| Supervised Release: | A term of supervised release will not be reimposed. | Probation: | | 500-Hour Drug Program |

### SPECIAL CONDITIONS OF SUPERVISION

| | | |
|---|---|---|
| ` | No re-entry without legal authorization | Home confinement for _____ months _____ days |
| | Comply with ICE laws and regulations | Community service for _____ months _____ days |
| | ICE to begin removal immediately or during ~~sentence~~ | Reside halfway house for **6 months** |
| | Participate in outpatient substance abuse treatment program | Register as sex offender |
| | Participate in mental health program | Participate in sex offender treatment program |
| | No alcohol | Possess no sexual material |
| | Submit to search of person/property | No computer with access to online services |
| | No contact with victim(s) and/or co-Deft(s) | No contact with children under 18 years |
| | No entering, or loitering near, victim's | No volunteering where children supervised |
| | Provide financial information | Restricted from occupation with access to |
| | Grant limited waiver of confidentiality | No loitering within 100 feet of school yards |
| | OTHER: | |

| Fine: | $ | N/A | | Restitution: | $ | N/A | |
|---|---|---|---|---|---|---|---|
| SPA: | $ | N/A     ($100 as to each Count) | Payment Schedule: | | Due Immediately | | Waived |

| OTHER: | |
|---|---|

| X | Advised of Right to Appeal | | Waived Appeal Rights per Plea Agreement |
|---|---|---|---|
| X | Held in Custody | | Voluntary Surrender |
| | Recommended place(s) of incarceration: | | |
| | Dismissed | | |

| Counts: | |
|---|---|
| OTHER COMMENTS | Court calls case, parties enter appearances. Court outlines basis for violation and explains charges to Defendant – Defendant represents he understands the charges. Court asks USPO if violation would make revocation mandatory? USPO informs does not. Court states maximum possible penalties. Upon Court's inquiry, defense counsel represents Defendant will admit the violations. Defendant sworn; Court conducts plea colloquy as to violations; Defendant admits - defense counsel concurs in the guilty plea to same. AUSA declines to provide further factual basis to support allegations as to violation. Defendant and defense counsel acknowledge Govt.'s case could be proven by hearing. Upon Court's inquiry, AUSA, defense counsel and Defendant agree supervision should be revoked. Court concludes that the Defendant has voluntarily, knowingly, intelligently and understandingly admitted to violation, accepts the guilty plea and finds Deft. has violated the conditions of supervised release. Defense counsel addresses Court – requests a sentence of 6 months. Defendant allocutes Court announces sentence –a term of supervised release will not be reimposed. Nothing further. |

Sentencing Minute Sheet (Violation of Supervised Release)    Page  2